

1  Nicholas J. Bontrager, Esq. (SBN 252114)
  Krohn & Moss, Ltd.
2  5055 Wilshire Blvd, Suite 300
  Los Angeles, CA  90036
3  T: (323) 988-2400; F: (866) 802-0021
  nbontrager@consumerlawcenter.com
4  Attorneys for Plaintiff,

5

6  **UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**

7  **OAKLAND DIVISION**

8  GERARDO BOCCARA                    )  Case No.: C08-03187
                                      )
9              Plaintiff,             )  **VERIFIED COMPLAINT AND DEMAND**
                                      )  **FOR JURY TRIAL**
10      vs.                           )
                                      )  **(Unlawful Debt Collection Practices)**
11  BRIDGEPORT FINANCIAL, INC         )
                                      )
12              Defendant.            )
                                      )
13  _____  )

14

15                           **COMPLAINT**

16      COMES NOW the Plaintiff, GERARDO BOCCARA ("Plaintiff"), by and through his

17  attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant,

18  BRIDGEPORT FINANCIAL, INC, alleges and affirmatively states as follows:

19                          **INTRODUCTION**

20      1.    The United States Congress has found abundant evidence of the use of abusive,

21  deceptive, and unfair debt collection practices by many debt collectors, and has determined that

22  abusive debt collection practices contribute to the number of personal bankruptcies, to marital

23  instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair

24  Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate

25  abusive debt collection practices by debt collectors, to insure that those debt collectors who

  refrain from using abusive debt collection practices are not competitively disadvantaged, and to

                                  - 1 -

promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. 1692(a) – (e)).

2.    The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. (Cal. Civ. Code §1788.1(a) – (b)).

3.    Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of BRIDGEPORT FINANCIAL, INC (hereinafter "Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4.    For the purposes of this Petition, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

## JURISDICTION AND VENUE

5.    Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained therein.

6.    Because Defendant maintains a business office and conducts business in the state of California, personal jurisdiction is established.

VERIFIED COMPLAINT

7.    Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

8.    Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

**PARTIES**

9.    Plaintiff is a natural person who resides in the City of Fremont, County of Alameda, State of California and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

10.    Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11.    Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with a business office in the City of San Leandro, County of Alameda, State of California.

12.    Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13.    Plaintiff is informed and believes, and thereon alleges, that Defendant is not a firm of attorneys or counselors at law and is a company who, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

///

///

///

- 3 -

VERIFIED COMPLAINT

1

**FACTUAL ALLEGATIONS**

2

14.     Sometime in November of 2005, Plaintiff received medical treatment from San

3

Leandro Hospital.

4

15.     Sometime before April of 2007, Defendant, acting on behalf of San Leandro

5

Hospital, assured Plaintiff he only had to pay one of two outstanding balances for medical

6

treatment he received as the hospital's billing department used wrong billing codes to bill their

7

patients during the time Plaintiff was in the hospital.

8

16.     Sometime in February of 2007, Defendant began placing continuous collection

9

calls to Plaintiff regarding an alleged debt owed.

10

17.     Defendant failed to mail a written letter describing Plaintiff's rights with respect

11

to the alleged debt within 5 days of Defendant's initial contact with Plaintiff.

12

18.     Defendant continued contacting and demanding payment from Plaintiff by

13

placing an excessive amount of phone calls and causing his phone to ring constantly and

14

continuously.

15

19.     Defendant continuously failed to properly identify itself as a debt collector and

16

failed to mention that all information sought would be used for that purpose.

17

20.     Defendant continuously threatened Plaintiff with legal action, including filing a

18

lawsuit.

19

21.     As of yet, no such lawsuit has been filed against Plaintiff.

20

22.     On or about March 25, 2008, Plaintiff sent Defendant a written request for

21

Cease and Desist of all communications with Plaintiff. (See Exhibit A).

22

23.     Defendant threatened Plaintiff's counsel over the phone with contacting the client

23

after Defendant had received Plaintiff's cease and desist letter. (See Exhibit B).

24

24.     Defendant continuously used profane and offensive statements when attempting

25

to collect money from Plaintiff on the telephone.

- 4 -

VERIFIED COMPLAINT

25.    Defendant continuously made collection calls to Plaintiff's colleagues at work regarding the alleged debt after Plaintiff had procured a written request for Defendants to cease all communication at his office. (See Exhibit C).

26.    On or about April 1, 2008, Plaintiff retained KROHN & MOSS, LTD., to be his legal representation in the present matter.

27.    On April 3, 2008, Plaintiff's attorneys, KROHN & MOSS, LTD., served written notice to Defendant of Plaintiff's retention of legal counsel and provided contact information for said attorneys. (See Exhibit D).

**COUNT I**

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.**

28.    Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

29.    Defendant **violated the FDCPA**.  Defendant's violations include, but are not limited to the following:

a).    Defendant violated the FDCPA § 1692c(a)(3) when Defendant, through its agents and employees, placed collection calls to Plaintiff's work after Plaintiff had requested Defendant not to and informed Defendant that such calls were not allowed.

b).    Defendant violated the FDCPA § 1692c(b) when Defendant, through its agents and employees, contacted third parties, Plaintiff's co-workers, regarding the alleged debt.

c).    Defendant violated the FDCPA § 1692d(5) when Defendant, through its agents and employees, excessively placed collection calls and caused Plaintiff's phone to ring excessively.

d).    Defendant violated the FDCPA § 1692e(5) when Defendant, through its agents and employees, threatened Plaintiff with a lawsuit that was never filed.

VERIFIED COMPLAINT

1    e).    Defendant violated the FDCPA § 1692e(5) when Defendant, through its agents

2  and employees, threatened Plaintiff's counsel with contacting Plaintiff after receiving notice of

3  Plaintiff's legal representation.

4    f).    Defendant violated the FDCPA § 1692e(11) when Defendant, through its agents

5  and employees, failed to properly identify itself as a debt collector and inform Plaintiff that

6  information sought would be used for such purposes.

7    30.    As a consequence of Defendant's foregoing actions, Plaintiff has suffered from

8  stress, anxiety, humiliation, depression and other symptoms and ailments.  (See Exhibit E).

9  **COUNT II**

10  **DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION
PRACTICES ACT (RFDCPA), Cal. Civ. Code § 1788 et seq.**

11

12    31.    Plaintiff repeats, realleges and incorporates by reference all of the foregoing

13  paragraphs.

14    32.    Defendant **violated the RFDCPA**.  Defendant's violations include, but are not

15  limited to the following:

16    a).    Defendant violated the RFDCPA § 1788.11(a) when Defendant, through its

17  agents and employees, used profane and abusive language when communicating with Plaintiff.

18    b).    Defendant violated the RFDCPA § 1788.11(b) when Defendant, through its

19  agents and employees, failed to properly identify itself as a debt collector.

20    c).    Defendant violated the RFDCPA § 1788.11(e) when Defendant, through its

21  agents and employees, excessively placed so many calls to Plaintiff as to be unreasonable and to

22  constitute harassment to Plaintiff.

23    d).    Defendant violated the RFDCPA § 1788.13(d) when Defendant, through its

24  agents and employees,  contacted third parties, other than Plaintiff or his spouse, pertaining to

25  the alleged debt.

- 6 -

1    e).    Defendant violated the RFDCPA § 1788.13(j) when Defendant, through its

2    agents and employees, threatened Plaintiff with a lawsuit that was never filed.

3    f).    Defendant violated the RFDCPA § 1788.17 when Defendant, through its agents

4    and employees, continuously failed to comply with the statutory regulations contained within

5    the FDCPA, 15 U.S.C. § 1692 *et seq.*

6    33.    As a consequence of Defendant's foregoing actions, Plaintiff has suffered from

7    stress, anxiety, humiliation, depression and other symptoms and ailments. (See Exhibit E).

8    **WHEREFORE,** Plaintiff respectfully prays that judgment be entered against the Defendant for

9    the following:

10    34. Declaratory judgment that the Defendant's conduct violated the FDCPA.

11    35. Declaratory judgment that the Defendant's conduct violated the RFDCPA.

12    36. Actual damages.

13    37. Statutory damages pursuant to the FDCPA, 15 U.S.C. 1692k.

14    38. Statutory damages pursuant to the RFDCPA, Cal. Civ. 1788.30(b).

15    39. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k and

16    the RFDCPA, Cal Civ. 1788.30(c).

17    40. Any other relief that this court deems to be just and proper.

18                      RESPECTFULLY SUBMITTED,

19    DATED: June 26, 2008              KROHN & MOSS, LTD.

20

21                      By:

22

23                            Nicholas J. Bontrager
                             Attorney for Plaintiff

24

25    ///

      ///

                                - 7 -

                         VERIFIED COMPLAINT

1  **DEMAND FOR JURY TRIAL**

2  PLEASE TAKE NOTICE that Plaintiff, GERARDO BOCCARA, hereby demands trial

3  by jury in this action.

4  **VERIFICATION OF COMPLAINT AND CERTIFICATION**

5  STATE OF CALIFORNIA)

6  Plaintiff, GERARDO BOCCARA, having been first duly sworn and upon oath, deposes

7  and says as follows:

8

9  1.   I am the Plaintiff in this civil proceeding.
   2.   I have read the above-entitled civil Complaint prepared by my attorneys and I believe
        that all of the facts contained in it are true, to the best of my knowledge, information
10       and belief formed after reasonable inquiry.
   3.   I believe that this civil Complaint is well grounded in fact and warranted by existing
11       law or by a good faith argument for the extension, modification or reversal of existing
        law.
12  4.   I believe that this civil Complaint is not interposed for any improper purpose, such as
        to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a
13       needless increase in the cost of litigation to any Defendant(s), named in the
        Complaint.
14  5.   I have filed this Complaint in good faith and solely for the purposes set forth in it.
    6.   Each and every exhibit I have provided to my attorneys which has been attached to
15       this Complaint is a true and correct copy of the original.
    7.   Except for clearly indicated redactions made by my attorneys where appropriate, I
16       have not altered, changed, modified or fabricated these exhibits, except that some of
        the attached exhibits may contain some of my own handwritten notations.
17

18

19  Pursuant to 28 U.S.C. § 1746(2), I, GERARDO BOCCARA, hereby declare (or
   certify, verify or state) under penalty of perjury that the foregoing is true and correct.

20

21  Dated: 6/24/08

22  Gerardo Boccara,
   Plaintiff

23

24

25

- 8 -

VERIFIED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## **EXHIBIT A**

VERIFIED COMPLAINT

March 25, 2008

Bridgeport Financial, INC
221 Main Street, Suite 920
San Francisco, CA 94105
To:William Tinsley, Dante Goodwin, Carol Jones, & any and all agents acting on behalf of Bridgeport
Financial INC

From: Gerardo Boccara
        973 Kraftile Road
        Fremont, CA 94536

RE: Harrassing Phone Calls, Contacting Mr. Gerardo Boccara at place of employment or his employers,
or any employee that works for his employer, Defamation of Mr. Boccara's Character, Divulging
information regarding Mr. Boccara to anyone, accounting of invoices sent to Mr. Boccara

To :William Tinsley, Dante Goodwin, Carol Jones, and Entire Staff and agents of Bridgeport Financial Inc

I am writing in demand of you ceasing and desisting any and all contact of me (Gerardo Boccara)
effective immediately.  I will no longer accept any harassing phone calls at my place of employment, or on
my private telephone.  The addressed, any agent acting on behalf of Bridgeport Financial Inc, and the
company Bridgeport Financial Inc will cease and desist contacting anyone that works for my place of
employment, at any office including the corporate office of Western Career College, or any of my
employers effective immediately, with haste and without hesitation from now until eternity.

The company Bridgeport Financial Inc, any agent acting on behalf of Bridgeport Financial Inc, it's
employees, and the above addressed will cease and desist any defamation of Mr. Gerardo Boccara's
character effective immediately, with haste and without hesitation from now until eternity.

I am also demanding a full accounting of the invoices that have been sent to me at the address you have
on file for me because I fully dispute any and all invoices that have been sent to me by your company.  If
you wish to contact me, it will be solely in writing, and by U.S. Mail.

My last demand is that the addressed, any agent acting on behalf of Bridgeport Financial Inc, and the
company Bridgeport Financial Inc will cease and desist the divulging or mention of any information
regarding Mr. Gerardo Boccara to anyone effective immediately, with haste and without hesitation from
now until eternity

I am hereby putting the addressed ,any agent that is acting on behalf of Bridgeport Financial Inc, and the
company Bridgeport Financial on notice that a breach of any of the above demands from now until
eternity will result in swift and severe legal action against the addressed, any agent acting on behalfof
Bridgeport Financial Inc and the company Bridgeport Financial Inc.

Gerardo Boccara

Cc: EMC-San Leandro Hospital Campus 13855 East 14th Street, San Leandro Ca 94578 Business Office

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X _____ ☐ Agent
☐ Addressee

B. Received by ( Printed Name)  C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Bridgeport Financial Inc, Dante Goodwin
Carol Jones, any agent for Bridgeport Financial
William Tinsley
221 Main Street, Suite 920
San Francisco, Ca 94105

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7007 3020 0000 2046 5671

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X _____ ☐ Agent
☐ Addressee

B. Received by ( Printed Name)  D. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Business office
EMC - San Leandro Hospital Campus
13855 E. 14th street.
San Leandro, Ca 94578

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merch
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7007 3020 0000 2046 5664

PS Form 3811, February 2004    Domestic Return Receipt    102595-02

1

2

3

4

5

6

7

8

9

10

11

12

**<u>EXHIBIT B</u>**

13

14

15

16

17

18

19

20

21

22

23

24

25

VERIFIED COMPLAINT

**PLEASE NOTE:**

Plaintiff's attorneys are in possession of a voice recording left by a Mr. William Tinsley, agent for Defendant, which details and further establishes the allegations referring to this <u>EXHIBIT B</u>.

For purposes of practicality, said recording is not attached to this complaint but will be available if needed.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## **<u>EXHIBIT C</u>**

04/04/2008 02:05 4517072811 GERARDO BOCCARA PAGE 03
Case 4:08-cv-03187-WDB Document 1-2 Filed 07/02/2008 Page 3 of 11
Page 1 of 2
AT&T Yahoo! Mail - skmedownz@sbcglobal.net

**YAHOO! MAIL** Classic

Print - Close Window

**Subject:** FW: William Tinsley Harassment

**Date:** Thu, 3 Apr 2008 12:51:56 -0700

**From:** "Sylvia Mancias" <smancias@westerncollege.edu>

**To:** onedeterminedman2001-togo@yahoo.com [Edit - Delete]

**CC:** "Georgette Tafoya" <gtafoya@westerncollege.edu>

This is what I sent.. GG is going to do hers now.

**Sylvia L Mancias**
**Admissions Coordinator/ Front Desk**
**408.960.0162**
**6201 San Ignacio Ave.**
**San Jose, Ca 95119**
**smancias@westerncollege.edu**

**From:** Sylvia Mancias
**Sent:** Thursday, April 03, 2008 12:50 PM
**To:** 'akrohn@consumerlawcenter.com'
**Subject:** William Tinsley Harassment

Dear Mr. Krohn,

   It was requested by Mr. Boccarra that I write you explaining the harassing events that took place with Mr. William Tinsley towards myself, Sylvia Mancias , and the other receptionist Georgette Tafoya here at Western Career College . Mr. Tinsley has called our campus several times asking to speak with Mr. Boccarra's supervisor, that Mr. Boccarra owes money for medical bills and has not paid them. Once me or Georgette advise Mr. Tinsley that he cannot call our campus for this type of reason, he gets angry and tells us that we could lose our job for screening calls. We eventually have to say goodbye sir and hang up on him because his verbal abuse towards us becomes too much. Mr. Tinsley will then continue to call our campus asking to speak with either Mr. Boccarra or his supervisor, he

04/04/2008 02:05 151072811 GERARDO BOCCARA PAGE 04
Case 4:08-cv-03187-WDB Document 1-2 Filed 07/02/2008 Page 4 of 11
AT&T Yahoo! Mail - skmedown2@sbcglobal.net Page 2 of 2

continues to ask what our names are and that he is going to report us. We again have to hang up on Mr. Tinsley. He repeatedly calls back yelling that Mr. Boccarra has to pay his medical bills or he will take further action, until finally I suppose he gets tired of harassing us for one day. The last time Mr. Tinsley called he actually called the Sacramento campus, who had no idea what was going on, complaining to them that the receptionists at the San Jose campus are rude and mean to people who call them. He asks Barbara at the Sacramento campus to wait on the line while he three ways Georgette and I. Georgette answered the phone call on this day and Mr. Tinsley started blurting out random things yelling to Barbara "do you hear this Barbara? Do you hear how they speak to me?" when Georgette barley had enough time to say the original WCC greeting.

All in all Mr. Krohn I had no problem writing you this e-mail, because the rude and obscene events that took place with Mr. Tinsley are completely outrageous and myself and Georgette do not appreciate it Mr. Tinsley calling us in this manor. If he had an issue with Mr. Boccarra then he should have kept it between them, not call and harass his place of work. I hope this all goes over in Mr. Boccarra's favor because this is crazy and very stressful over a measly medical bill that Mr. Boccarra was obviously going to pay anyways. The harassment here was completely unnecessary.


**Sylvia L Mancias**
**Admissions Coordinator/ Front Desk**
**408.960.0162**
**6201 San Ignacio Ave.**
**San Jose, Ca 95119**
**smancias@westerncollege.edu**

Case 4:08-cv-03187-WDB     Document 1-2     Filed 07/02/2008     Page 5 of 11
04/04/2008  02:05   151072811                GERARDO BOCCARA                    PAGE  02
AT&T Yahoo! Mail - skmedown2@sbcglobal.net                                    Page 1 of 1

 **MAIL** Classic                                Print - Close Window

**Subject:**  William Tinsley Harassment

**Date:**  Thu, 3 Apr 2008 13:03:57 -0700

**From:**  "Georgette Tafoya" <gtafoya@westerncollege.edu>

**To:**  "akrohn@consumerlawcenter.com" <'akrohn@consumerlawcenter.com'>

**CC:**  onedeterminedman2001-togo@yahoo.com

Dear Mr. Krohn,

   I am writing you this e-mail to advise you on what took place with Mr. William Tinsley. The first time Mr. Tinsley called he asked to speak with Mr. Boccara's supervisor, I talked to Mr. Boccarra's supervisor who told me that Mr. Tinsley was not allowed to call our campus. Mr. Tinsley continued to call several times after this telling myself and the other receptionist that he was an attorney calling because Mr. Boccarra owed money. We repeatedly told him he is not allowed to call our campus and to please stop. He threatened our jobs and yelled at us. He even called our Sacramento campus bringing them into this mess. Sylvia and I do no appreciate Mr. Tinsley being so rude and calling and harassing us like this.


**Georgette Tafoya**
Western Career College
6201 San Ignacio Ave.
San Jose, Ca 95119
(408)960-0161
Ext. 42100

1
2
3
4
5
6
7
8
## **<u>EXHIBIT D</u>**
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

VERIFIED COMPLAINT

# Krohn & Moss, Ltd.

*(Arizona, California, Florida, Illinois, Indiana, Minnesota, Missouri, Nevada, Ohio, Wisconsin, Washington, DC)*
**5055 Wilshire Blvd Suite 300**
**Los Angeles, CA. 90036**
**www.krohnandmoss.com**

*Writer's Direct Number*
*(323) 988-2400 Ext. 222*
*Writer's Direct Facsimile*
*(866) 431-5575*
*Writer's Direct E-Mail*
*akrohn@consumerlawcenter.com*

*Writer licensed to practice*
*only in:*
*Illinois*
*Missouri*
*Wisconsin (inactive)*

April 3, 2008

*VIA FACSIMILE (415) 986-7865*
*Confirmed by US Mail*

Bridgeport Financial, Inc.
221 Main St., Suite 920
San Francisco, CA 94105

        Re:    *Gerardo Boccara v. Bridgeport Financial, Inc.*
               Our File No.:  *FD030C08PA*

To Whom It May Concern:

        I am writing on behalf of Gerardo Boccara to make formal demand for damages due to the following violations of the Fair Debt Collections Practices Act ("FDCPA") ("you" and "your" below refers to your company and all culpable personnel). Specifically you violated the FDCPA by:

1. Harassing my client with an excessive number of calls despite his demands to stop calling;
2. Calling repeatedly with intent to annoy, abuse, and harass my client;
3. Contacting my client at work after being told that his employer does not allow those types of calls;
4. Asking to be "put through to your payroll department to garnish your wages" when in fact you had no legal order nor right to do so;
5. Contacting and harassing my client's associate and sharing information regarding the alleged debt;
6. Indicating to my client that he was served with legal papers and signed for them when in fact my client never received said papers nor was served with any;
7. Falsely representing an affiliation with the government of the United States;
8. Falsely representing any individual is an attorney and that any communication is from an attorney;
9. Falsely representing the character, amount and legal status of the debt;
10. Failing to provide the notice required to validate the debt;

Page 2                                        April 3, 2008

11. Failing to provide the entire warning required that, the debt collector is attempting to collect a debt and that any information obtained would be used for that purpose only, on numerous calls to my client. See *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643, 653 (S.D.N.Y. 2006) (citing 15 U.S.C. §1692g).

The above is not intended to be a complete list of violations you have already committed but only the results of our initial investigation into this matter. Please be advised that, if this matter should proceed to court, my clients would have the right to bring suit in federal court, you would be required to pay their attorneys fees, and you would be subject to an award for statutory and/or actual damages. In addition, you are subject to possible emotional damages due to your violations. *See Smith v. Law Office of Mitchell N. Kay* 124 B.R. 182, 185 (1990)

Contact me immediately if you wish to settle this matter prior to litigation. If you chose to ignore this letter, then we will have no choice but to pursue my client's claims in court. Be advised that this is not an idle warning. The Consumer Law Center has handled over 30,000 consumer cases, many of which have been filed in state and federal courts across the country since our firm's inception in 1995.

Sincerely,

Adam J. Krohn
Attorney at Law

AJK/adw

From: Fax.com Email to Fax [reports@fax.com]
Sent: Thursday, April 03, 2008 2:55 PM
To: Kim, Julie
Subject: Fax Confirmation - OK

Your fax to an unknown recipient at fax number 4159867865 succeeded.

FSID: 54666002

Attempts made: 1
Pages delivered: 2
Minutes spent delivering this fax: 0.9
The baud rate was: 0000

The following are the attempts made and the results that occurred:
04/03/2008 - 14:53:57 - 0( Success )


Documents being delivered:
1   demand letter.doc

1

2

3

4

5

6                                    **<u>EXHIBIT E</u>**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

VERIFIED COMPLAINT

## DEBT COLLECTION DAMAGES SUFFERED

"Damages" are an element of your case which must be established. This form will help us determine and assess what is known as "actual damages". *Please be honest* in your answers. If you are being abused by debt collectors, the law presumes you have been damaged in some way and you are likely to recover for those damages. These answers, however, will affect *additional damages*.

Do you feel you suffer from any of the following due to, or made worse by, the actions of abusive debt collection activities?

1. Sleeplessness. — **YES** NO
2. Fear of answering the telephone. — **YES** NO
3. Nervousness — **YES** NO
4. Fear of answering the door — **YES** NO
5. Embarrassment when speaking with family or friends — **YES** NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** NO
7. Chest pains — YES **NO**
8. Feelings of hopelessness, pessimism — **YES** NO
9. Feelings of guilt, worthlessness, helplessness — **YES** NO
10. Appetite and/or weight loss or overeating and weight gain — **YES** NO
11. Thoughts of death, suicide or suicide attempts — YES **NO**
12. Restlessness or irritability — **YES** NO
13. Headache, nausea, chronic pain or fatigue — **YES** NO
14. Negative impact on my job — **YES** NO
15. Negative impact on my relationships — **YES** NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: My Colleagues now believe that I am the type of person that neglects to pay his debts. This is very damaging as a Program Director and a person that supervises a staff of 10 and a student population of 33 people. Not to mention the other 12 Medical programs that I work closely with on this Campus and in this job, they are all aware of this situation and it has been discussed since the huge incident that Mr. Tinsley caused on April 3rd

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 6/24/08

_Gerardo Boccara-RVT._
Signed Name

_Gerardo Boccara, RVT._
Printed Name