1  Andrew M. Steinheimer – 200524
   David B. Leas –  238326
2  ELLIS, COLEMAN, POIRIER, LAVOIE,
    & STEINHEIMER LLP
3  555 University Avenue, Suite 200 East
   Sacramento, CA  95825
4  Tel: (916) 283-8820
   Fax: (916) 283-8821
5
   Attorneys for Defendant BRIDGEPORT FINANCIAL, INC.
6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  GERARDO BOCCARA,                    | Case No.:  C 08-03187 WDB

12        PLAINTIFF,                    | **DEFENDANT'S ANSWER TO PLAINTIFF'S**
                                        | **AMENDED VERIFIED COMPLAINT; AND**
13  v.                                  | **DEMAND FOR JURY TRIAL**

14  BRIDGEPORT FINANCIAL, INC.,

15        DEFENDANT.

16

17

18        Defendant  BRIDGEPORT  FINANCIAL,  INC. ("Defendant") hereby  responds  to  plaintiff

19  GERARDO BOCCARA'S ("Plaintiff") Amended Verified Complaint.

20        1.    As to paragraph one, this paragraph does not contain matters that need be admitted or

21  denied.

22        2.    As to paragraph two, this paragraph does not contain matters that need be admitted or

23  denied.

24        3.    As to paragraph three, Defendant denies these allegations.

25        4.    As to paragraph four, this paragraph does not contain matters that need be admitted or

26  denied.

27        5.    As to paragraph five, at this time Defendant does not contest this court's jurisdiction.

28        6.    As to paragraph six, at this time Defendant does not contest this court's jurisdiction.

- 1 -

7.    As to paragraph seven, at this time Defendant does not contest venue.

8.    As to paragraph eight, Defendant denies this allegation.

9.    As to paragraph nine, Defendant lacks information or belief necessary to admit or deny this allegation and on that basis denies this allegation.

10.    As to paragraph ten, Defendant lacks information or belief necessary to admit or deny this allegation and on that basis denies this allegation.

11.    As to paragraph 11, Defendant denies this allegation.

12.    As to paragraph 12, Defendant admits this allegation.

13.    As to paragraph 13, Defendant admits this allegation.

14.    As to paragraph 14, Defendant admits this allegation.

15.    As to paragraph 15, Defendant denies this allegation.

16.    As to paragraph 16, Defendant denies this allegation.

17.    As to paragraph 17, Defendant denies this allegation.

18.    As to paragraph 18, Defendant denies this allegation.

19.    As to paragraph 19, Defendant admits this allegation.

20.    As to paragraph 20, Defendant denies that the letter requests a cease and desist of all communications.

21.    As to paragraph 21, Defendant admits that it called plaintiff's counsel but denies that it threatened counsel with contacting the client.

22.    As to paragraph 22, Defendant denies this allegation.

23.    As to paragraph 23, Defendant denies this allegation.

24.    As to paragraph 24, Defendant lacks information or belief necessary to admit or deny this allegation and on that basis denies this allegation.

25.    As to paragraph 25, Defendant admits that Krohn & Moss sent a letter to Bridgeport but denies that the letter indicated that Krohn & Moss indicated that they represent Boccaro with respect to the underlying debt.

26.    As to paragraph 26, Defendant refers to its responses to paragraphs 1-26 as if set forth here in full.

- 2 -

27.     As to paragraph 27, Defendant denies these allegations.

28.     As to paragraph 28, Defendant denies this allegation.

29.     As to paragraph 29, Defendant refers to its responses to paragraphs 1-28 as if set forth here in full.

30.     As to paragraph 30, Defendant denies these allegations.

31.     As to paragraph 31, Defendant denies this allegation.

32      As to paragraph 32, Defendant denies that plaintiff is entitled to this relief.

33.     As to paragraph 33, Defendant denies that plaintiff is entitled to this relief.

34.     As to paragraph 34, Defendant denies that plaintiff suffered any actual damages.

35.     As to paragraph 35, Defendant denies that plaintiff is entitled to this relief.

36.     As to paragraph 36, Defendant denies that plaintiff is entitled to this relief.

37.     As to paragraph 37, Defendant denies that plaintiff is entitled to this relief.

38.     As to paragraph 38, Defendant denies that plaintiff is entitled to this relief.

Pursuant to **Federal Rule of Civil Procedure 8(c)**, Defendant sets forth the following matters constituting an avoidance or affirmative defense:

## FIRST AFFIRMATIVE DEFENSE

39.     Defendant alleges that the First Amended Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

41.     Defendant alleges that the First Amended Complaint, and each cause of action therein, is barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

42.     Defendant alleges that Plaintiff himself was negligent, careless, and/or committed intentional acts, in and about the matters alleged in the Complaint, and said negligence, carelessness and/or intentional acts caused and/or contributed to his injuries and/or damages.

## FOURTH AFFIRMATIVE DEFENSE

43.     Defendant alleges that other persons and parties were careless and/or negligent, and/or committed intentional acts, and that this carelessness, negligence, or these intentional acts proximately

- 3 -

1  contributed to the happening of the incidents referred to in the Complaint, and to the extent said

2  negligence, carelessness and/or intentional acts caused and/or contributed to injuries and/or damages,

3  then the damages alleged against this Defendant should be reduced or eliminated.

4  **FIFTH AFFIRMATIVE DEFENSE**

5  44.    Defendant alleges that Plaintiff failed and neglected to use reasonable care to protect

6  himself and to minimize and/or mitigate the losses and/or damages asserted in the complaint.

7  **SIXTH AFFIRMATIVE DEFENSE**

8  45.    Defendant alleges that all of its actions were taken in good faith and with a reasonable

9  belief that such actions were legal, appropriate and necessary.

10  **SEVENTH AFFIRMATIVE DEFENSE**

11  46.    Defendant alleges that it has no civil liability under the FDCPA, 15 U.S.C. § 1692, *et*

12  *seq.*, or Rosenthal FDCPA, pursuant to 15 U.S.C. § 1692k(c) and Civil Code § 1788.30(e) as any

13  violation was unintentional and resulted from the maintenance of procedures reasonably adopted to

14  avoid any such violation.

15  **EIGHTH AFFIRMATIVE DEFENSE**

16  47.    Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein,

17  is barred by the privilege embodied either in Civil Code §§ 47(b), (c), or arising under federal and state

18  common law.

19  **NINTH AFFIRMATIVE DEFENSE**

20  48.    Defendant alleges that Plaintiff's First Amended Complaint (and the causes of action

21  alleged therein) is barred because Defendant's actions were taken in reasonable reliance upon

22  information provided by its client pursuant to *Ducrest v. Alco Collections, Inc.* (M.D. La. 1999) 931

23  F.Supp. 459, 462, and *Hulse v. Ocwin* (D. Or. 2002) 195 F.Supp.2d 1188, 1210.

24  **TENTH AFFIRMATIVE DEFENSE**

25  49.    Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein,

26  is barred by the doctrine of unclean hands.

27  **ELEVENTH AFFIRMATIVE DEFENSE**

28  50.    Defendant alleges it is entitled to a setoff under Code of Civil Procedure § 431.70

- 4 -

1  against any damages to which Plaintiff claims an entitlement based upon Plaintiff's outstanding

2  obligation.

3  **TWELFTH AFFIRMATIVE DEFENSE**

4  51.    Defendant alleges that the representations or statements made by Defendant was true,

5  accurate at the time made, and/or otherwise were made in good faith and with a reasonable belief as to

6  their truth, validity and accuracy.

7  **THIRTEENTH AFFIRMATIVE DEFENSE**

8  52.    Defendant alleges that statutory and common law immunities apply to the acts and/or

9  omissions complained of in the Complaint on file herein.

10  **FOURTEENTH AFFIRMATIVE DEFENSE**

11  53.    Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein,

12  is barred by the doctrine of estoppel and/or waiver.

13  **FIFTEENTH AFFIRMATIVE DEFENSE**

14  54.    Defendant alleges that any acts attributed to this Defendant were performed in good

15  faith in conformity with advisory opinions of the Federal Trade Commission pursuant to 15 U.S.C.

16  § 1692k(e).

17  **SIXTEENTH AFFIRMATIVE DEFENSE**

18  55.    Defendant hereby alleges the following affirmative defenses, including, but not limited

19  to, those set forth in **Federal Rule of Civil Procedure 8(c)**, so as not to waive them at this time:

20  assumption of risk, contributory negligence, duress, failure of consideration, fraud, illegality, license,

21  failure to join an indispensable party, and abatement.

22  **SEVENTEENTH AFFIRMATIVE DEFENSE**

23  56.    Defendant presently has insufficient knowledge or information on which to form a

24  belief as to whether Defendants may have additional, as yet unstated, defenses available.  Defendant

25  reserves herein the right to assert additional defenses in the event discovery indicates that they would

26  be appropriate.

27  **WHEREFORE**, Defendants pray for:

28  1.    That Plaintiff takes nothing from this answering Defendant by this Complaint;

- 5 -

2.     That Defendant be awarded judgment in this action;

3.     For attorney's fees incurred herein, pursuant to statute;

4.     For costs of suit incurred herein; and

5.     For such other and further relief as the Court deems proper.

Dated:  August 29, 2008

ELLIS, COLEMAN, POIRIER, LAVOIE, &
STEINHEIMER LLP

By _____
Andrew M. Steinheimer
Attorneys for Defendant
BRIDGEPORT FINANCIAL, INC.

- 6 -

DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED VERIFIED COMPLAINT; AND DEMAND FOR JURY
TRIAL

1

### REQUEST FOR JURY TRIAL

2
    Defendant BRIDGEPORT FINANCIAL, INC. hereby demands a jury trial in this matter.

3
Dated: August 29, 2008

4
                            ELLIS, COLEMAN, POIRIER, LAVOIE, &
                            STEINHEIMER LLP

5

6

7
By _____
           Andrew M. Steinheimer

8
           Attorney for Defendant
           BRIDGEPORT FINANCIAL, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED VERIFIED COMPLAINT; AND DEMAND FOR JURY TRIAL